**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

RICHARD L. STEHL

AND

RICHARD G. HADDAD,

<em>Plaintiffs</em>,

v.

JAMES M. CRETELLA,

<em>Defendant</em>.

3:25-cv-00348-SFR

JURY TRIAL DEMANDED

## RULE 26(F) REPORT OF PARTIES' PLANNING CONFERENCE

Counsel for Plaintiffs Richard Stehl and Richard Haddad and counsel for Defendant James Cretella respectfully submit this Rule 26(f) Report of the parties' planning conference.

**Date Complaint Filed:** Original Complaint - March 10, 2025; First Amended Complaint – April 23, 2025

**Date Complaint Served:** March 17, 2025

**Date of Defendant's Appearance:** March 18, 2025

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a Zoom videoconference was held on April 22, 2025. The participants were:

- Daniel P. Watkins and Kara Zarchin for **Plaintiffs Richard L. Stehl** and **Richard G. Haddad**

- Brian Field and Garrett Flynn for **Defendant James M. Cretella**

The parties thereafter continued the conference by exchanging multiple redlined drafts of this report.

1

## I.     CERTIFICATION

Undersigned counsel, after consultation with their clients, certify that: (a) they have discussed the nature and basis of the parties' claims and any possibilities for resolution of the case; and (b) they have developed the following proposed case management plan.  Counsel further certify that they have forwarded a copy of this report to their clients.

## II.     JURISDICTION

### A.     Subject Matter Jurisdiction

Plaintiffs allege that this Court has subject matter jurisdiction over the causes of action asserted in this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 exclusive of interest and costs, and because complete diversity of citizenship exists between Plaintiffs, who are citizens of the State of New York, and the Defendant is a citizen of the State of Connecticut.

Defendant does not at this time contest the parties' diverse citizenship or that the Plaintiffs purport to allege a claim seeking damages in excess of $75,000.  For reasons set forth in Defendant's motion to dismiss the amended complaint, Defendant challenges Plaintiffs' standing (a jurisdictional issue), and he further reserves the right to contest other aspects of subject matter jurisdiction in the event additional facts come to light showing additional reasons why subject matter jurisdiction is absent.

### B.     Personal Jurisdiction

Personal jurisdiction is not contested.

## III.     BRIEF DESCRIPTION OF CASE

### A.     Claims of Plaintiffs

In this action, Plaintiffs Richard Stehl and Richard Haddad bring a single claim for intrusion upon seclusion against Defendant James Cretella based on Defendant's alleged use of the

computer network at Otterbourg P.C., a law firm where Plaintiffs and Defendant were previously partners together.

### i. Plaintiffs' statement.

This action arises from Defendant James Cretella's repeated and unauthorized access to confidential personal files belonging to Plaintiffs Richard Stehl and Richard Haddad, his former law partners and the two most senior officers of their firm. For years, without their knowledge or consent, Cretella accessed hundreds of private documents stored in digital workspaces explicitly designated for attorney-only use and protected by firm-wide privacy protocols. The files accessed by Cretella included privileged attorney-client communications, family medical records, tax returns, home surveillance data, and other personal materials that had no connection to firm business or client matters.

Forensic evidence confirms that Cretella accessed Plaintiffs' files remotely from his residence in Connecticut, often late at night, and that he did so intentionally, without authorization, and for no legitimate purpose. When confronted, Cretella denied accessing Plaintiffs' files. Plaintiffs bring claims for intrusion upon seclusion and seek compensatory and punitive damages for the substantial emotional, reputational, and economic harm caused by Cretella's unlawful conduct. They also seek injunctive and equitable relief to prevent further misuse or disclosure of the information obtained.

### ii. Defendant's statement

Defendant and Plaintiffs were previously partners at the Otterbourg law firm in New York City and were parties to a shareholders agreement governed by New York law. After Defendant left Otterbourg to join a different firm, Plaintiffs sued him for the tort of intrusion upon seclusion, relying on events that allegedly occurred years earlier, when Defendant allegedly previewed files Plaintiffs placed on Otterbourg's firm-wide computer network, which is based in New York. These files were accessible to Defendant, and to every other attorney at Otterbourg, using nothing more

than the generic access credentials provided to them by Otterbourg.  Defendant allegedly accessed these files using the generic access credentials provided to him by Otterbourg while Defendant searched the firm network for work-related tasks and previewed the search results to locate the relevant items

Each file saved to the Otterbourg computer network is set as either public or private, with files set to public accessible by anyone with access to the Otterbourg computer network and files set to private accessible only to those specifically granted access.  Users can adjust that setting for files they save to the system.  It is without dispute that the files saved by Plaintiffs were set as public, not private, as they were accessible to anyone with access to the Otterbourg computer network.  Plaintiffs could have set their files to private but did not do so.

Defendant was not disciplined or reprimanded by Otterbourg for allegedly accessing Plaintiffs' files.  Defendant was not disciplined or reprimanded by Otterbourg for the manner in which those files were allegedly accessed.  Following Plaintiffs' discovery that their files were allegedly accessed or viewed by Defendant, Otterbourg did not make any change to the manner in which users may or are authorized to search the Otterbourg computer network.  And Plaintiffs are mistaken when they contend above that Defendant denied accessing Plaintiffs' files.  While Defendant denied Plaintiffs' accusation that he did anything other than preview files in the search results, he never denied reviewing the files that were returned through his network searches.

At all times during Defendant's employment with Otterbourg, files set to public on the Otterbourg computer network were accessible to every attorney with access to the Otterbourg computer network and could be found using keyword, author, title or folder searches.

Plaintiffs lack standing because any harm allegedly suffered was self-inflicted by their own act of placing the allegedly "personal" files which form the basis of their complaint on a system searchable by and accessible to Defendant and to every other attorney at Otterbourg, using nothing more than the access credentials provided to them by Otterbourg.  If Plaintiffs were under the

4

impression or intended that files they saved to individual attorney folders would be set to private by default, they clearly failed to confirm their assumption. Moreover, Plaintiffs fail to state a claim because the tort of intrusion of seclusion is not recognized under New York substantive law, which applies here under Connecticut choice of law principles. Finally, even if Connecticut substantive law applied to Plaintiffs' claim, Plaintiffs fail to state a claim for intrusion upon seclusion.

**B.        Defenses and Claims of Defendant**

On April 10, 2025, Defendant filed a motion to dismiss, which was deemed to have been mooted by Plaintiffs' First Amended Complaint.

On May 7, 2025, Defendant filed a motion to dismiss the First Amended Complaint, demonstrating that the complaint should be dismissed for at least three reasons:

(1) Plaintiffs lack standing because any injuries were self-inflicted;

(2) New York law applies to Plaintiffs' claim, and it does not recognize the tort of intrusion upon seclusion; and

(3) Plaintiffs fail to state a claim upon which relief can be granted, as they have not alleged facts showing: (i) an intentional intrusion; (ii) upon Plaintiffs' solitude or seclusion or private affairs or concerns; (iii) which would be highly offensive to a reasonable person.

**C.        Defenses and Claims of Third-Party Defendant/s**

None.

**IV.    STATEMENT OF UNDISPUTED FACTS**

Counsel and self-represented parties certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The following material facts are undisputed:

1. Plaintiffs Richard Stehl and Richard Haddad are attorneys and long-time partners at the law firm of Otterbourg P.C., where they serve as Chairman and President, respectively.

2.   Defendant James Cretella was employed as an attorney at Otterbourg P.C. for approximately twenty years until his departure in February 2025.

3.   During his tenure at the firm, Cretella was granted access to the firm's internal document management system, including remote access through multi-factor authentication.

## V.    CASE MANAGEMENT PLAN

### A.    Initial Disclosures

The parties shall provide initial disclosures in the form required by Federal Rule of Civil Procedure 26(a)(1). Initial disclosures will be served no later than May 13, 2025.

### B.    Scheduling Conference

1.   The parties request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

2.   The parties prefer that a scheduling conference, if held, be conducted by videoconference or telephone.

### C.    Early Settlement Conference

1.   The parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice.  Although settlement does not appear likely at this time, the parties (and counsel for the parties) have and will continue to assess any prospects for resolution of the matter.

2.   The parties do not request an early settlement conference.

3.   The parties prefer a magistrate judge who will not be deciding matters in this case.

4.   The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

**D.    Joinder of Parties, Amendment of Pleadings, and Motions Addressed to the Pleadings**

Plaintiffs are free to seek leave to amend their pleadings again or to file motions to join additional parties until 90 days after Defendant files his Answer. Any motion for leave to amend must satisfy the requirements of Federal Rule of Civil Procedure 15(a), and Defendant reserves the right to oppose Plaintiffs' request to amend their complaint. Motions filed later will require, in addition to any other requirements under the applicable rules, a showing of good cause for the delay.

**E.  Discovery**

Subject to Defendant's position that discovery should be stayed because it may ultimately be unnecessary if this action is dismissed (a position Plaintiffs dispute), the parties reserve the right to seek discovery on all the issues raised in the First Amended Complaint and any Answer Defendant files.  Such discovery may include written discovery, including requests for production of documents and things, interrogatories, and requests for admission, and depositions of both party and non-party witnesses. The parties do not anticipate the need for special discovery procedures or accommodations on the issues in this case.

**i.    Plaintiffs' Position**

Plaintiffs take the position that discovery should commence immediately – consistent with this Court's order.  *See* [Dkt. No. 17] ("The filing of a motion to dismiss shall not result in a stay of discovery or extend the time for completing discovery.").

**ii.    Defendant's Position**

Discovery should not commence until after the Court resolves Defendant's motion to dismiss the first amended complaint, particularly since subject matter jurisdiction is a threshold issue.  Indeed, undisputed allegations show that: (1) Plaintiffs placed the files at issue on a computer system that was accessible to Defendant and every other attorney at Otterbourg through

the use of their firm-issued access credentials; and (2) Plaintiffs and the computer system at issue were located in New York, and any harm alleged in this case (which Defendant disputes) was suffered in New York—not Connecticut. No discovery is needed to determine these facts, which entitle Defendant to dismissal.

Although this Court's regular practice is not to stay discovery pending resolution of a motion to dismiss, courts in this district routinely enter planning reports that postpone substantive discovery until resolution of dispositive motions[1], or grant stay requests. *See, e.g., Granite Commc'ns, Inc. v. One Commc'ns Corp.*, No. 3:07-cv-1354 (PCD), 2008 WL 11381494, *1 (D. Conn. Apr. 24, 2008); *BBAM Aircraft Mgmt. LP v. Babcock & Brown LLC*, No. 3:20-cv-1056 (OAW), 2022 WL 3716574, at *11 (D. Conn. Aug. 29, 2022).

When evaluating a request to stay discovery, courts consider three factors: (1) the strength of the dispositive motion; (2) the breadth of the discovery sought; and (3) the prejudice a stay would have on the non-moving party. *BBAM*, 2022 WL 3716574, *11. Each factor weighs in favor of staying discovery until the Court resolves Defendant's motion to dismiss.

1. As to the first factor, the Court need not resolve the motion to dismiss to stay discovery. A stay is appropriate where, as here, the pending dispositive motion "appear[s] to have substantial grounds or, stated another way, do[es] not appear to be without foundation in law." *ITT Corp. v. Travelers Cas. & Sur. Co.*, No. 3:12-cv-0038 (RNC), 2012 WL 2944357, at *2 (D. Conn. July 18, 2012). In his motion to dismiss, Defendant provides three independent reasons for dismissal.

*First*, this is a dispute between former partners at a New York law firm about how the firm's computer network in New York was used. It has no connection to this District, beyond Defendant's living in Connecticut. Under all applicable rules—Restatement (Second) of Conflicts of Laws

---

[1] *See, e.g.,* Conference Mem. & Order at 2, *Darnis v. Raytheon Techs. Corp.*, No. 3:20-CV-1171-SRU (D. Conn. Mar. 2, 2021) ("not … setting deadlines" for discovery beyond initial disclosure in case where dispositive motions were filed; parties to "meet and confer regarding deadlines after a ruling on the motions to dismiss is issued") (Attached as Exhibit A).

Sections 152 (specific rule for privacy torts), 145 (general rule for torts), and 6(2) (general principles and policies)—New York law applies, and dismissal is thus required, as New York substantive law does not recognize the tort of intrusion upon seclusion. *See Poppel v. Est. of Archibald*, No. 1:19-cv-01403 (ALC), 2020 WL 2749719, at *9 (S.D.N.Y. May 27, 2020)*.*

*Second*, Plaintiffs lack standing due to their self-inflicted harm. *See Pennsylvania v. New Jersey*, 426 U.S. 660, 664 (1976) (per curiam) ("self-inflicted" injuries do not confer standing). Here, Plaintiffs saved allegedly "personal" files on the firm-wide network. First Am. Compl. ¶ 19. And Plaintiffs further acknowledge that those files were accessible merely by searching the network and "previewing" the files. *Id.* ¶ 47. By failing to "utilize available remedies" to secure their files, "plaintiffs lack standing to bring this action." *Chrysafis v. Marks*, 573 F. Supp. 3d 831, 847 (E.D.N.Y. 2021), *dismissed as moot after appeal* (E.D.N.Y. Feb. 28, 2022).

*Third*, assuming *arguendo* that New York law does not apply, Plaintiffs fail to state a claim under Connecticut substantive law. Plaintiffs have no "objectively reasonable expectation" of privacy in files they saved to a public network that was searchable by other lawyers at the firm. *Parnoff v. Aquarion Water Co.*, 204 A.3d 717, 732 (Conn. App. Ct. 2019). Plaintiffs also fail to allege facts showing that the alleged intrusion is "of a kind that would be highly offensive to a reasonable person[.]" *Id.* at 731. Rather, a reasonable person could not find it "highly offensive" for a work colleague to see files that were placed on a shared, firm-wide network. *See Ulrich v. K-Mart Corp.*, 858 F. Supp. 1087, 1095 (D. Kan. 1994) (dismissing intrusion upon seclusion claim when the plaintiff experienced the alleged "intrusion" while in a public portion of the workplace), *aff'd,* 70 F.3d 1282 (10th Cir. 1995). And Plaintiffs have not alleged anything beyond rank speculation showing an "intentional intrusion." *Parnoff*, 204 A.3d at 731.

Defendant's motion to dismiss therefore has "substantial grounds" supporting dismissal.

2. The breadth of discovery also supports a stay, particularly as the Court's jurisdiction is called into question. *See Transunion Corp. v. PepsiCo, Inc.*, 811 F.2d 127, 130 (2d Cir. 1987).

Defendant must seek discovery about every file Plaintiffs allege he accessed.  And Defendant will be required to obtain discovery about the information underlying many of these topics, like Plaintiffs' "financial statements, and intimate family records." First Am. Compl. ¶ 34.  Plaintiffs will no doubt pursue discovery about the alleged "hundreds of times" Defendant observed their files (¶ 2); Defendant's alleged "exploit[ing] [of] security controls" (¶ 4); Defendant's "greedily digging into Plaintiffs' most sacred private matters" (¶ 17); and Defendant's actions from his home computer in Connecticut (¶ 18).  And Plaintiffs will likely seek discovery about their specious allegation that Defendant tried to obtain information to use as leverage "should his reckless and high-risk lifestyle come under scrutiny." ¶ 43.

Thus, discovery will tread onto personal issues, and discovery requests will likely be met with objections that will require the Court's resolution.

3. Finally, a stay will not prejudice Plaintiffs, as a stay will cause only a minor delay of these proceedings, and "judicial efficiency necessitates resolving the motion to dismiss before discovery begins."  *BBAM*, 2022 WL 3716574, * 12; *accord Cuartero v. United States*, No. 3:05-cv-1161-RNC, 2006 WL 3190521, at *3 (D. Conn. Nov. 1, 2006) ("If discovery were to continue, it would also be likely to result in additional motion practice[.]").  Additionally, should Plaintiffs claim burden, that is substantially undermined by their having waited years to bring this claim. *See* Cretella Decl. ¶ 19 (Doc. 35-2).

If the court prefers to have the requested discovery stay resolved by motion (instead of by an order at the planning conference), Defendant will file one promptly after the planning conference.

Without waiving his position that the first amended complaint should be dismissed (and therefore discovery will be unnecessary), Defendant reserves the right to seek discovery on any of the subjects framed by the operative pleadings.  Without limiting the foregoing, Defendant reserves the right to seek discovery on:

- The structure of Otterbourg's firm-wide network.

- The nature of the computer files at issue.

- Who else saw the files at issue and what actions, if any, were taken concerning access by those individuals.

- Plaintiffs' use of the Otterbourg network to save files, including non-work-related files.

- The timing and circumstances surrounding Plaintiffs' learning that their files had been viewed by other Otterbourg attorneys.

- Any steps taken by Plaintiffs or Otterbourg in response to Plaintiffs' learning their files had been viewed.

- Otterbourg's policies with respect to storage of work-related and non-work-related files, both before and after Plaintiffs learned their files had been viewed.

- The results of any investigation into the firm network, Defendant's computer(s), or Defendant's phone(s).

- Plaintiffs' alleged damages.

- Plaintiffs' motivation in bringing this lawsuit.

\*\*\*

The parties' proposed discovery schedule is set forth in Appendix A, which sets forth the proposed schedule if the Court rejects Defendant's request that discovery not commence until after the Court resolves Defendant's motion to dismiss.

<u>Interrogatories</u>.  Maximum of 25 interrogatories by each party.

<u>Depositions</u>.  The default limitations of the Federal Rules of Civil Procedure apply. The parties agree that third-party and expert depositions shall count against the default limit applied under the Federal Rules of Civil Procedure.  For both fact and expert depositions, the Parties agree to work in good faith to agree to the date, location, and logistics of each deposition. The parties anticipate that nonparty depositions may be conducted remotely, via videoconference, unless a party objects to same and prefers an in-person deposition.

11

<u>Expert Witnesses</u>. Plaintiffs intend to call expert witnesses at trial. Defendant reserves the right to call expert witnesses to rebut any expert testimony from the Plaintiffs, or as otherwise appears appropriate under the circumstances.

      a.      Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they bear the burden of proof within 30 days of the close of fact discovery.

      b.      Depositions of any such experts will be completed within 60 days of the close of fact discovery (the "Expert Discovery Phase").

      c.      Rebuttal experts will be designated and their reports will be disclosed within 30 days of the earlier of (a) the deposition of the opposing party's relevant expert; or (b) the close of the Expert Discovery Phase.

      d.      Depositions of rebuttal experts shall be completed within 30 days of the designation and report disclosure of same.

      e.      A damages analysis will be provided by any party who has a claim or counterclaim for damages within 60 days after the completion of discovery.

<u>ESI / Protective Orders</u>

Undersigned counsel (after consultation with their respective clients concerning computer-based and other electronic information management systems, including historical, archival, back-up and legacy files, in order to understand how information is stored and how it may be retrieved) have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms and/or other techniques to be used in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of assembling and producing such information. The Parties have

agreed to preserve relevant and responsive electronically stored information, and to produce such information in <u>native form</u> to the greatest extent possible.

Undersigned counsel (after consultation with their respective clients) have also discussed the location(s), volume, organization and costs of retrieval of information stored in paper or other non-electronic forms.

Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product production.  To minimize risk of waiver of privilege or work product protection, the Parties shall follow the procedures set forth in Fed. R. Civ. P. 26(b)(5) (B) and Fed. R. Evid. 502.

The parties will finalize proposed confidentiality and ESI orders – either by stipulation or joint motion identifying the parties' disputes – on or before May 14, 2025.

### F.    Summary Judgment Motions

Summary judgment motions, which must comply with Local Rule 56, will be filed within 45 days following the close of discovery. [Dkt. No. 17.]

### G.    Joint Trial Memorandum

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed 30 days before trial, unless the Court orders otherwise.

## VI.    TRIAL READINESS

The trial readiness date is to be determined.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Respectfully submitted,

/s/     *Daniel P. Watkins*

Daniel P. Watkins (Pro Hac Vice)
Andrew C. Phillips (Pro Hac Vice)
Hannah Menchel (Pro Hac Vice)
daniel.watkins@mwpp.com
andy.phillips@mwpp.com
hannah.menchel@mwpp.com

MEIER WATKINS PHILLIPS PUSCH LLP
919 18th Street NW, Suite 650
Washington, DC 20006
Telephone: (202) 256-4482

and

John W. Cannavino (ct06051)
Kara A. Zarchin (ct30783)
jcannavino@cl-law.com
kzarchin@cl-law.com
CUMMINGS & LOCKWOOD LLC
6 Landmark Square
Stamford, CT 06901
Tel: 203-351-4447
Fax: 203-708-3849

*Counsel for Plaintiffs*

/s/ *Garrett S. Flynn*

Garrett S. Flynn (#ct22071)
LAW OFFICES OF GARRETT S. FLYNN, LLC
10 North Main Street, Suite 300
West Hartford, CT 06107
Tel: (860) 490-9197
Fax: (860) 674-0085
gsf@flynn-law.com

H. Christopher Bartolomucci (#phv208575)
Brian J. Field (#phv208577)
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Tel: (202) 787-1060
Fax: (202) 776-0136
cbartolomucci@schaerr-jaffe.com
bfield@schaerr-jaffe.com

*Counsel for Defendant*

## Appendix A

Excluding the deadlines for initial disclosures and the discovery and ESI stipulations (which are agreed without prejudice to Defendant's position that discovery is unnecessary and should be stayed pending resolution of Defendant's motion to dismiss), the parties propose the deadlines below if discovery is not stayed.

| Event | Proposed Timing |
|---|---|
| Fed. R. Civ. Procedure Rule 26(f) Conference | TBD |
| Service of Initial Disclosures | May 13, 2025 |
| Parties to submit a proposed stipulation regarding discovery and production of ESI | May 12, 2025 |
| Deadline to Amend Pleadings or Join Parties | 90 days after Def.'s Ans. |
| Parties to substantially complete document production | August 12, 2025 |
| Close of fact discovery | October 20, 2025 |
| Parties to serve expert disclosures under Fed. R. Civ. P. 26(a) | November 19, 2025 |
| Expert depositions completion date. | December 19, 2025 |
| Rebuttal expert reports due. | January 19, 2026 |
| Rebuttal expert depositions completion date. | February 18, 2026 |
| Dispositive motions due | March 27, 2026 |
| Motions in *Limine* | TBD |
| Pretrial Conference | TBD |
| Trial | TBD |

EXHIBIT A TO PLANNING REPORT

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

GERAUD DARNIS, et al.,
      Plaintiffs,

      v.

RAYTHEON TECHNOLOGIES
CORPORATION, et al.,
      Defendants.

No. 3:20-cv-1171 (SRU)

### CONFERENCE MEMORANDUM AND ORDER

On February 19, 2021, I held a Rule 16 pretrial conference off the record with Craig

Raabe and Robert Izard, attorneys for the plaintiffs, Geraud Darnis, David Hess, Michael

Maurer, Richard Sanfrey, Dino DePellegrini, Bradley Hardesty, Roy Dion, Alan Machuga,

Theresa MacKinnon, Christopher Doot, David Carter, and Costas Loukellis; Joseph C.

Merschman, Alexandra P. Sadinsky, and Graham W. Meli, attorneys for Raytheon Technologies

Corporation, United Technologies Corporation Long-Term Incentive Plan, United Technologies

Corporation Long-Term Incentive Plan, United Technologies Corporation 2018 Long-Term

Incentive Compensation Plan, United Technologies Corporation Savings Restoration Plan,

United Technologies Company Performance Share Unit Deferral Plan, United Technologies

Company Deferred Compensation Plan, UTC Company Automatic Contribution Excess Plan,

Lloyd J. Austin, III, Diane M. Bryant, Gregory J. Hayes, Ellen J. Kullman, Marshall O. Larsen,

Robert K. Ortberg, Margaret L. O'Sullivan, Denise L. Ramos, Frederic G. Reynolds, and Brian

C. Rogers; Audra J. Soloway, Daniel J. Kramer, Garrett S. Flynn, and Robert Kravitz, attorneys

for Carrier Global Corporation, Carrier Global Corporation 2020 Long-Term Incentive Plan,

Carrier Global Corporation Savings Restoration Plan, Carrier Global Corporation LTIP

Performance Share Unit Deferral Plan, Carrier Global Corporation Deferred Compensation Plan,

Carrier Global Corporation Company Automatic Contribution Excess Plan, John V. Faraci, Jean-Pierre Garnier, David Gitlin, John J. Greisch, Charles M. Holley, Jr., Michael M. McNamara, Michael A. Todman, and Virginia M. Wilson; and Evan I. Cohen, Kyle A. Casazza, and Tara Marie Brailey, attorneys for Otis Worldwide Corporation, Otis Worldwide Corporation 2020 Long-Term Incentive Plan, Otis Worldwide Savings Restoration Plan, Otis Worldwide Corporation LTIP Performance Share Unit Deferral Plan, Otis Worldwide Corporation Deferred Compensation Plan, Otis Worldwide Corporation Company Automatic Contribution Excess Plan, Christopher J. Kearney, Harold McGraw, III, Jeffrey H. Black, Kathy Hopinkah, Shailesh G. Jejurikar, Judith F. Marks, Margaret M. Preston, Shelley Stewart, Jr., and John H. Walker.

At the start, I scheduled a hearing on the pending motions to dismiss for 10 a.m. on March 22, 2021. I then inquired about the initial disclosures, and counsel responded that they would be exchanged by February 26, 2021. I encouraged the parties to engage in informal discovery and specifically to exchange all plan-related documents. I further encouraged the parties to negotiate the scope of ESI and the search terms in particular.

Finally, I noted that I will not be setting deadlines at this time. Counsel indicated that they would meet and confer regarding deadlines after a ruling on the motions to dismiss is issued, and I advised the parties that they need not set a deadline for the trial memorandum. The Rule 26(f) Report is approved to the extent it is not inconsistent with the terms of this order.

So ordered.

Dated at Bridgeport, Connecticut, this 2nd day of March 2021.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge