## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

RICHARD L. STEHL and RICHARD G. HADDAD,

$\qquad$ *Plaintiffs,*

v.

JAMES M. CRETELLA,

$\qquad$ *Defendant.*

Case No. 3:25-cv-00348-SFR

## DEFENDANT'S MEMORANDUM IN SUPPORT
## OF MOTION TO STAY DISCOVERY

## TABLE OF CONTENTS

BACKGROUND ....................................................................................................... 1

STANDARD OF REVIEW ...................................................................................... 3

ARGUMENT .............................................................................................................. 5

    I.    The Motion to Dismiss Provides Multiple Independent Grounds for
        Dismissing Plaintiffs' Claim .......................................................................... 5

    II.   Plaintiffs Will Seek Wide-Ranging Discovery. ........................................... 12

    III.  Plaintiffs Will Not Be Burdened by a Brief Delay of Discovery. ............... 14

CONCLUSION ......................................................................................................... 15

# TABLE OF AUTHORITIES

**Cases**                                                                 **Page(s)**

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) ................................................................................. 10

*Bauer v. Ford Motor Credit Co.,*
   149 F. Supp. 2d 1106 (D. Minn. 2001) .................................................... 11

*BBAM Aircraft Mgmt. LP v. Babcock & Brown LLC,*
   No. 3:20-cv-1056 (OAW), 2022 WL 3716574 (D. Conn. Aug. 29, 2022) .......... 3, 4, 14

*Boring v. Google Inc.,*
   362 F. App'x 273 (3d Cir. 2010) ............................................................. 11

*Chrysafis v. Marks,*
   573 F. Supp. 3d 831 (E.D.N.Y. 2021) ..................................................... 9

*Clapper v. Amnesty Int'l USA,*
   568 U.S. 398 (2013) ............................................................................... 8

*Cuartero v. United States,*
   No. 3:05-CV-1161 (RNC), 2006 WL 3190521 (D. Conn. Nov. 1, 2006) .............. 4, 14

*Daniels v. Dataworkforce LP,*
   No. 14-CV-00822-KMT, 2014 WL 4783670 (D. Colo. Sept. 25, 2014) .................... 14

*Doe v. Hosp. of Univ. of Pa.,*
   546 F. Supp. 3d 336 (E.D. Pa. 2021)....................................................... 11

*Ellington Credit Fund, Ltd. v. Select Portfolio Servs., Inc.,*
   No. 08-CV-2437 (RJS), 2008 WL 11510668 (S.D.N.Y. June 12, 2008).................... 4

*Ema Fin., LLC v. Vystar Corp.,*
   336 F.R.D. 75 (S.D.N.Y. 2020) .............................................................. 3

*Fernandez v. Fernandez,*
   216 A.D.3d 743 (N.Y. App. Div. 2023)................................................... 6

*Hamlett v. Santander Consumer USA Inc.,*
   931 F. Supp. 2d 451 (E.D.N.Y. 2013)..................................................... 7

*Holborn Corp. v. Sawgrass Mut. Ins. Co.,*
   304 F. Supp. 3d 392 (S.D.N.Y. 2018)..................................................... 7

*Hoo-Chong v. Citimortgage, Inc.*,
  No. 15-cv-4051 (JS)(AKT), 2016 WL 868814 (E.D.N.Y. Mar. 7, 2016)...................7

*Howell v. N.Y. Post Co.*,
  612 N.E.2d 699 (N.Y. 1993) ..........................................................................6

*Hurwitz v. United States*,
  884 F.2d 684 (2d Cir. 1989)............................................................................6

*ITT Corp. v. Travelers Cas. & Sur. Co.*,
  No. 3:12-cv-0038 (RNC), 2012 WL 2944357 (D. Conn. July 18, 2012)..............5, 12

*Jacob v. Lorenz*,
  626 F. Supp. 3d 672 (S.D.N.Y. 2022)...........................................................7

*Jones v. Cap. Cities/ABC Inc.*,
  874 F. Supp. 626 (S.D.N.Y. 1995)................................................................7

*Licci v. Lebanese Canadian Bank, SAL*,
  672 F.3d 155 (2d Cir. 2012)...........................................................................8

*McGreal v. AT&T Corp.*,
  892 F. Supp. 2d 996 (N.D. Ill. 2012) ...........................................................10

*Montgomery v. Stanley Black & Decker, Inc.*,
  No. 3:19-cv-01182 (AVC), 2020 WL 13880026 (D. Conn. Nov. 30, 2020)................7

*Moore v. Sam's Club*,
  55 F. Supp. 2d 177, 186 (S.D.N.Y. 1999) ....................................................7

*Nunes v. Cable News Network, Inc.*,
  31 F.4th 135 (2d Cir. 2022) ..........................................................................8

*Parnoff v. Aquarion Water Co.*,
  204 A.3d 717 (Conn. App. Ct. 2019) ..............................................9, 10, 11

*Patel v. N.Y. Life Ins. Co.*,
  No. 11-cv-4895 (JPO), 2012 WL 1883529 (S.D.N.Y. May 21, 2012)........................7

*Pennsylvania v. New Jersey*,
  426 U.S. 660 (1976) .......................................................................................8

*Popa v. Harriet Carter Gifts, Inc.*,
  426 F. Supp. 3d 108 (W.D. Pa. 2019)...........................................................11

*Poppel v. Est. of Archibald*,
  No. 1:19-cv-01403 (ALC), 2020 WL 2749719 (S.D.N.Y. May 27, 2020) ..................6

*Transunion Corp. v. PepsiCo., Inc.*,
   811 F.2d 127 (2d Cir. 1987)...................................................................... 4, 12

*Ulrich v. K-Mart Corp.*,
   858 F. Supp. 1087 (D. Kan. 1994)........................................................... 10

**Rule**

Fed. R. Civ. P. 26 ....................................................................................... 1, 3

**Treatises**

Restatement (Second) of Conflicts of Laws § 145 (1971)............................... 6

Restatement (Second) of Conflicts of Laws § 152 (1971)............................... 6

Restatement (Second) of Conflicts of Laws § 6(2) (1971) ............................. 6

Pursuant to Federal Rule of Civil Procedure 26(c), Defendant James Cretella moves to stay discovery pending resolution of his motion to dismiss Plaintiffs' first amended complaint. *See* Def.'s Mot. to Dismiss First Am. Compl. (Doc. 35). As shown below, each relevant factor supports staying discovery: Defendant filed a thorough motion to dismiss identifying multiple reasons to dismiss the complaint; allowing discovery to proceed now will burden Defendant and the Court; and a stay will impose no harm on Plaintiffs. Accordingly, the Court should stay discovery pending resolution of the motion to dismiss. That is particularly true where, as here, the facts relevant to the motion to dismiss are undisputed, and no discovery is necessary at this stage.

## BACKGROUND

Plaintiffs work and reside in New York, ¶¶ 26–27,[1] and Defendant and Plaintiffs were previously partners together at the Otterbourg law firm in New York City, ¶ 5. After Defendant left Otterbourg to join a different firm, ¶ 28, Plaintiffs sued him for the tort of intrusion upon seclusion, relying on events that allegedly occurred years earlier.

This dispute arises from Plaintiffs' and Defendant's use of Otterbourg's firm-wide computer network. ¶ 1. Otterbourg maintains an "internal online file system," ¶ 33, where attorneys may save firm-related documents or personal documents,

---

[1] Unless otherwise noted, all paragraph citations are to the First Amended Complaint (Doc. 31).

¶¶ 41–42.  Plaintiffs admit that they stored a great deal of "personal"[2] documents on this network.  ¶¶ 19, 33.  But they saved their files on the network in such a way as to be viewable by other attorneys at the firm.  ¶ 37.  In fact, Plaintiffs' materials could be seen by simply "previewing" the files "rather than fully opening" them. ¶ 47.  This is what they accuse Defendant of doing.  *Id.*

The "personal" nature of any such files is undermined by Plaintiffs having chosen to save them on a shared firm network, rather than on a personal storage device.  Similarly, while Plaintiffs vaguely refer to "security controls" and the ways the network was "designed" or "configured" to work, ¶¶ 4, 6, 8–9, they notably avoid ever alleging that these "controls" were in place for the files Defendant allegedly viewed.  The reason for that omission has since become clear—Plaintiffs admit that their files were not protected from disclosure through network searches.  *See* Stehl Decl. ¶¶ 33–34 (Doc. 42-1) (admitting that the files at issue were left searchable on Otterbourg's firm-wide network).[3]  And it is undisputed that Defendant was able to view those files through routine network searches that did not require him to spoof access credentials or otherwise take any separate steps to gain access.  Plaintiffs simply allowed their files to be located through network searches.

---

[2] The term "personal" in this memorandum is used, for convenience, to describe files that are not work-related.  The term is not used to imply any expectation of privacy or protection under laws that use the term "personal" or its variants.

[3] Moreover, Plaintiffs' files were also accessible by members of the firm's Board (including Plaintiffs).  Cretella Decl. ¶ 16 (Doc. 35-2); Stehl Decl. ¶ 33.

Although Plaintiffs allege that Defendant viewed their files for "years," ¶ 1, they filed a lawsuit against Defendant only after he decided to change firms.[4] Now, Plaintiffs advance a single tort claim for intrusion upon seclusion, ¶¶ 51–60, and they seek $20 million in compensatory and punitive damages, ¶ 63.

After Plaintiffs filed their initial complaint, Defendant filed a motion to dismiss. Doc. 29. Plaintiffs responded by filing their first amended complaint. Doc. 31. Thereafter, Defendant moved to dismiss the amended complaint, and that motion is now fully briefed. Docs. 35, 42, 46. Additionally, after the parties filed their Rule 26(f) Report (Doc. 36), the Court entered a Scheduling Order and discovery commenced on a limited basis, with the parties exchanging initial disclosures and the Court setting additional discovery deadlines. *See* Doc. 44.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 26(c), the Court may, "for good cause, issue an order to protect a party or person from … undue burden or expense, including, an order forbidding … discovery." *BBAM Aircraft Mgmt. LP v. Babcock & Brown LLC*, No. 3:20-cv-1056 (OAW), 2022 WL 3716574, at *11 (D. Conn. Aug. 29, 2022) (cleaned up) (quoting Fed. R. Civ. P. 26(c)). "[A] request for a stay of discovery, pursuant to Rule 26(c) is committed to the sound discretion of the court based on a showing of good cause." *Id.* (citation omitted); *accord Ema Fin., LLC v. Vystar Corp.*, 336 F.R.D. 75, 79 (S.D.N.Y. 2020) ("[U]pon a showing of good cause a district court

---

[4] The Stehl Declaration (Doc. 42-1) confirms that Plaintiffs hold substantial ill will toward Defendant, as the Declaration is devoted almost entirely to Stehl's alleged negative views of Defendant.

has *considerable discretion* to stay discovery pursuant to Fed. R. Civ. P. 26(c) (emphasis added) (cleaned up)).

To determine whether good cause exists to stay discovery pending resolution of a dispositive motion, the Court considers "(1) the strength of the dispositive motion; (2) the breadth of the discovery sought; and (3) the prejudice a stay would have on the non-moving party." *BBAM*, 2022 WL 3716574, at *11 (citation omitted); *accord Ellington Credit Fund, Ltd. v. Select Portfolio Servs., Inc.*, No. 08-CV-2437 (RJS), 2008 WL 11510668, at *2 (S.D.N.Y. June 12, 2008) ("Good cause may be shown where a party has filed, or has sought leave to file, a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the order." (citation omitted)).

Where, as here, a motion to dismiss challenges the court's jurisdiction, the Second Circuit has held that good cause exists for staying discovery in order to protect defendants from being unduly burdened by having to participate in discovery on a claim that cannot survive dismissal. *See, e.g., Transunion Corp. v. PepsiCo., Inc.*, 811 F.2d 127, 130 (2d Cir. 1987) (affirming stay of discovery pending determination of the defendants' motion to dismiss on *forum non conveniens* grounds); *accord Cuartero v. United States*, No. 3:05-CV-1161 (RNC), 2006 WL 3190521, at *3 (D. Conn. Nov. 1, 2006) (staying discovery pending motion to dismiss on jurisdictional and other grounds because "[p]ermitting discovery to proceed at this point would be unduly burdensome to the defendant and would be inefficient for both parties").

## ARGUMENT

All three factors weigh heavily in favor of staying discovery until the Court has resolved Defendant's motion to dismiss the first amended complaint. *First*, there are multiple reasons to dismiss the first amended complaint, including that New York law, which applies here based on the undisputed facts, does not recognize the tort of intrusion upon seclusion. Additionally, dismissal is necessary because Plaintiffs lack standing and they fail to state a claim. *Second*, a stay is necessary because discovery will be burdensome, particularly given the highly personal nature of Plaintiffs' allegations and evident animosity toward Defendant for leaving Otterbourg. *Third*, Plaintiffs will suffer no harm from a brief stay.

## I.    The Motion to Dismiss Provides Multiple Independent Grounds for Dismissing Plaintiffs' Claim.

As to this first requirement, the Court need not resolve the motion to dismiss to grant this motion. Rather, a stay of discovery is appropriate where the pending dispositive motion "appear[s] to have substantial grounds or, stated another way, do[es] not appear to be without foundation in law." *ITT Corp. v. Travelers Cas. & Sur. Co.*, No. 3:12-cv-0038 (RNC), 2012 WL 2944357, at *2 (D. Conn. July 18, 2012). In his motion to dismiss, Defendant provides three independent reasons the Court should dismiss Plaintiffs' first amended complaint.[5] Each one is a "substantial ground[]" for dismissal and certainly not "without foundation in law." *Id.*

---

[5] In the interest of efficiency, Defendant will not restate in detail each reason the Court should dismiss the first amended complaint. Rather, Defendant merely summarizes those arguments here, respectfully referring the Court to his fully

1. The most obvious reason to dismiss the complaint is that New York law applies, and New York does not recognize the tort of intrusion upon seclusion. *See* Def.'s Mem. in Supp. of Mot. to Dismiss at 11–21 (Doc. 35-1) ("Def.'s Mot."). This case was brought by two New York residents, ¶¶ 26–27, and it presents a dispute between former partners at a New York law firm about how the firm's computer network— which was not located in Connecticut—was used. It simply has no connection to this District, beyond Defendant's living in Connecticut. While that might be enough to clear the low bar for venue, Plaintiffs fail to allege any facts that come close to supporting a choice-of-law determination that Connecticut law applies to this dispute. Rather, under all applicable rules—Restatement (Second) of Conflicts of Laws Sections 152 (specific rule for privacy torts), 145 (general rule for torts), and 6(2) (general principles and policies)—New York law applies. *Id.* at 12–17; Def.'s Reply Mem. in Supp. of Mot. to Dismiss at 1–4 (Doc. 46).

Applying New York law, the Court should dismiss Plaintiffs' claim because New York law does not recognize the tort of intrusion upon seclusion, the only claim Plaintiffs pled. *See*, *e.g.*, *Howell v. N.Y. Post Co.*, 612 N.E.2d 699, 703 (N.Y. 1993); *Fernandez v. Fernandez*, 216 A.D.3d 743, 745–46 (N.Y. App. Div. 2023); *Hurwitz v. United States*, 884 F.2d 684, 685 (2d Cir. 1989) (collecting cases); *Poppel v. Est. of Archibald*, No. 1:19-cv-01403 (ALC), 2020 WL 2749719, at *9 (S.D.N.Y. May 27, 2020) ("Since New York law does not have a cause of action for intrusion upon seclusion,

---

briefed motion to dismiss for a thorough demonstration of the various reasons the first amended complaint should be dismissed.

Plaintiffs' intrusion upon seclusions claim is dismissed."); *Hoo-Chong v. Citimortgage, Inc.*, No. 15-cv-4051 (JS)(AKT), 2016 WL 868814, at *4 (E.D.N.Y. Mar. 7, 2016); *Hamlett v. Santander Consumer USA Inc.*, 931 F. Supp. 2d 451, 458 (E.D.N.Y. 2013); *Moore v. Sam's Club*, 55 F. Supp. 2d 177, 186, 195 (S.D.N.Y. 1999); *Jones v. Cap. Cities/ABC Inc.*, 874 F. Supp. 626, 628–29 (S.D.N.Y. 1995). Indeed, in their opposition to Defendant's motion to dismiss (Doc. 42), Plaintiffs failed to identify a single New York case that recognized a claim for intrusion upon seclusion under New York law. Nor did Plaintiffs identify any case from this District where the Court applied Connecticut law under similar circumstances.

And there is no reason for the Court to delay this choice-of-law analysis. Where, as here, "the relevant facts are sufficiently clear, courts in this Circuit have engaged in choice-of-law analysis at the motion to dismiss stage." *Montgomery v. Stanley Black & Decker, Inc.*, No. 3:19-cv-01182 (AVC), 2020 WL 13880026, at *12 (D. Conn. Nov. 30, 2020) (quoting *Patel v. N.Y. Life Ins. Co.*, No. 11-cv-4895 (JPO), 2012 WL 1883529, at *3 (S.D.N.Y. May 21, 2012)), *aff'd in part and vacated/remanded in part on other grounds,* 857 F. App'x 46 (2d Cir. 2021); *accord, e.g., Jacob v. Lorenz*, 626 F. Supp. 3d 672, 684 (S.D.N.Y. 2022); *Holborn Corp. v. Sawgrass Mut. Ins. Co.*, 304 F. Supp. 3d 392, 398 (S.D.N.Y. 2018). Indeed, the Second Circuit has upheld decisions granting dismissal based on dispositive choice-of-law rulings—which confirms there is no bar to deciding choice of law at the motion-to-dismiss stage in appropriate circumstances. *See Nunes v. Cable News Network, Inc.*,

31 F.4th 135, 140–41 (2d Cir. 2022); *Licci v. Lebanese Canadian Bank, SAL*, 672 F.3d 155 (2d Cir. 2012).

This is just such a case, where there are no disputed facts relevant to the choice-of-law analysis. The parties agree that they were partners at a law firm in New York City. ¶¶ 5, 26–27; Def.'s Mot. at 2–3. Plaintiffs also admit that they work and reside in New York. ¶¶ 26–27. Plaintiffs agree that the firm's servers are not located in Connecticut. Stehl Decl. ¶¶ 5–7. And the parties agree that Defendant searched the firm's network from his home in Connecticut and from the firm's office in New York. ¶ 18. In other words, it is undisputed that the only connection to Connecticut is Defendant's residence where he performed some network searches. Given that these facts are undisputed, no discovery is needed to resolve the choice-of-law analysis, and the Court should resolve this question before the case proceeds.

2. The Court should also dismiss Plaintiffs' claim because they lack standing due to their self-inflicted harm. Def.'s Mot. at 7–11. The Supreme Court has held that a party's "self-inflicted" injuries do not confer standing. *Pennsylvania v. New Jersey*, 426 U.S. 660, 664 (1976) (per curiam). "No [party] can be heard to complain about damage inflicted by its own hand." *Id.* This is so because "self-inflicted injuries are not fairly traceable to" the defendant. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 418 (2013).

Here, Plaintiffs admit that they saved files on the firm-wide network, and they contend that those files contained personal information. ¶ 19. And Plaintiffs further acknowledge that those files could be (and were) accessed merely by searching the

firm network and "previewing" the files.  ¶ 47.  In other words, Plaintiffs do not allege that Defendant or others needed any network permissions to view the files; Plaintiffs admit that they left their files searchable.  *See* Stehl Decl. ¶¶ 33–34.

Worse still, Plaintiffs amended their complaint to add many allegations about how the firm network was "designed" and "configured" to operate.  ¶¶ 6–9.  And Plaintiffs explained that IT professionals were available to help navigate the firm's network.  ¶ 6.  But that only underscores Plaintiffs' dilatory approach to network security—security measures were apparently available, but Plaintiffs failed to use them.  Thus, if Plaintiffs suffered any harm, it was the result of their failure to secure their own data.  And, by failing to "utilize available remedies, plaintiffs lack standing to bring this action."  *Chrysafis v. Marks*, 573 F. Supp. 3d 831, 847 (E.D.N.Y. 2021), *dismissed as moot after appeal* (E.D.N.Y. Feb. 28, 2022).

3. Finally, even if Plaintiffs have standing and Connecticut law applies, Plaintiffs fail to state a claim.  Def.'s Mot. at 21–31.  To state a claim for intrusion upon seclusion, Plaintiffs must show three things: (1) an intentional intrusion; (2) upon Plaintiffs' solitude or seclusion or private affairs or concerns; (3) which would be highly offensive to a reasonable person.  *Parnoff v. Aquarion Water Co.*, 204 A.3d 717, 731 (Conn. App. Ct. 2019) (citing cases).

At the outset, Plaintiffs have not alleged sufficient facts showing an intrusion upon their solitude.  For this, Plaintiffs "must show that [they] had an objectively reasonable expectation of seclusion or solitude in that place."  *Id.* at 732.  By saving their "personal" files to a shared firm-wide network, Plaintiffs have not alleged facts

9

showing any objectively reasonable expectation of privacy. Rather, a reasonable person would either store such personal files on a personal storage device, or they would take steps to ensure the applicable network location was private and secured. Plaintiffs did neither, which is fatal to their claim. *McGreal v. AT&T Corp.*, 892 F. Supp. 2d 996, 1014–15 (N.D. Ill. 2012) (without "private facts," there can be no intrusion claim).

Plaintiffs fare no better with the next prong, which requires that the intrusion "be of a kind that would be highly offensive to a reasonable person[.]" *Parnoff*, 204 A.3d at 731. Rather than allege facts supporting this requirement, Plaintiffs resort to the conclusory statement that a "reasonable person" would be "highly offen[ded]" by the facts alleged. ¶ 59. That will not do. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, conclusory statements aside, it is not remotely reasonable to conclude that Plaintiffs (or a reasonable person) would find it "highly offensive" for a work colleague to see files that were placed on a shared, firm-wide network. *See Ulrich v. K-Mart Corp.*, 858 F. Supp. 1087, 1095 (D. Kan. 1994) (dismissing intrusion upon seclusion claim when the plaintiff experienced the alleged "intrusion" while in a public portion of the workplace), *aff'd,* 70 F.3d 1282 (10th Cir. 1995). And this is another question that need not await discovery, as Plaintiffs admit to placing their files on the firm-wide network that was searchable. Stehl Decl. ¶¶ 33–34. Where the

alleged facts show that a reasonable person would not be "highly offended," dismissal is appropriate.[6]

Finally, Plaintiffs fail to state a claim because they have not alleged facts showing an "intentional intrusion." *Parnoff*, 204 A.3d at 731. For an intrusion to be intentional, the tort requires "a defendant who does not believe that he or she has either the necessary personal permission or legal authority to do the intrusive act." *Id*. at 732. The complaint is devoid of any alleged facts that, if true, would show Defendant believed, or was substantially certain, he lacked the necessary legal or personal permission to view or preview files stored on the firm's shared computer network. Again, Plaintiffs do not allege that *any* file in question was secured in a way to prevent it from being located through a simple network search. And Plaintiffs' conclusory references to Defendant's using "forensic evasion tactics" (¶¶ 21, 47) may be set aside as bald and unsupported.

\* \* \*

For each of the foregoing reasons, the Court should dismiss Plaintiffs' first amended complaint. However, the Court need not decide now whether the complaint

---

[6] *See Parnoff*, 204 A.3d at 731 ("[Q]uestions about the reasonable person standard … become questions of law if reasonable persons can draw only one conclusion from the evidence."); *Boring v. Google Inc.*, 362 F. App'x 273, 280 (3d Cir. 2010) (rejecting intrusion claim "because the alleged conduct would not be highly offensive to a person of ordinary sensibilities); *Doe v. Hosp. of Univ. of Pa.*, 546 F. Supp. 3d 336, 351 (E.D. Pa. 2021) ("Courts may consider whether the conduct at issue is 'highly offensive' as a matter of a law at the pleading stage"); *Popa v. Harriet Carter Gifts, Inc.*, 426 F. Supp. 3d 108, 121 (W.D. Pa. 2019) (same); *Bauer v. Ford Motor Credit Co.*, 149 F. Supp. 2d 1106, 1109 (D. Minn. 2001) (while ultimately a fact question, the court must first make a "preliminary determination of 'offensiveness' … in discerning the existence of a cause of action of intrusion").

will be dismissed.  Rather, the Court need only conclude that there are "substantial grounds" to dismiss that are not "without foundation in law." *ITT*, 2012 WL 2944357, at *2.  Defendant's motion to dismiss easily clears those hurdles, and this factor weighs decisively in favor of a stay.

## II.    Plaintiffs Will Seek Wide-Ranging Discovery.

The breadth of Plaintiffs' proposed discovery also favors a stay.  As noted above, the Second Circuit recognizes that good cause exists to stay discovery when a court's jurisdiction is called into question.  *See Transunion Corp.*, 811 F.2d at 130. And for good reason—a party should not be required to shoulder the expense and burden of discovery if the Court may not even have jurisdiction over the claim.

Here, there can be no dispute that discovery will be burdensome and invasive, as Plaintiffs anticipate taking discovery on any allegations in their complaint. Doc. 36 at 7.  In other words, Plaintiffs will pursue discovery about the alleged "hundreds of times" Defendant observed their files (¶ 2); Defendant's alleged "exploit[ing] [of] security controls" (¶ 4); Defendant's allegedly "greedily digging into Plaintiffs' most sacred private matters" (¶ 17); and Defendant's actions from his home computer in Connecticut (¶ 18).  Moreover, Plaintiffs will undoubtedly seek discovery about their harebrained allegation that Defendant was trying to obtain information to use as leverage "should his reckless and high-risk lifestyle come under scrutiny." ¶ 43.  Although that allegation lacks common sense, Plaintiffs will certainly attempt to intrude on Defendant's personal life for their own litigation advantage.  And the Stehl Declaration confirms that Plaintiffs harbor substantial ill will toward Defendant, and Plaintiffs will no doubt seek discovery about the various topics

addressed in that Declaration. Defendant should not be required to endure this burden when the Court's jurisdiction is called into question.

In addition to the topics listed above, the nature of Plaintiffs' claims will also require Defendant to seek extensive discovery into matters that Plaintiffs claim are their "most sacred private matters." ¶ 17. Indeed, Defendant must obtain discovery about every file Plaintiffs allege he accessed. And, to assess the reasonableness of Plaintiffs' alleged damages, Defendant must obtain discovery about the information underlying many of these topics, like Plaintiffs' "financial statements, and intimate family records." ¶ 34. Defendant will further require Otterbourg to divulge significant details about the inner workings of the firm's computer network and data security, as Plaintiffs have put those issues front and center. All this suggests that discovery will tread onto personal issues, and it is likely that discovery requests will be met with objections requiring the Court's resolution.

Additionally, Defendant will suffer a burden absent a stay. Defendant must immediately begin drafting and responding to discovery requests, and Defendant must expend resources for a discovery vendor to process Plaintiffs' documents. Further, Defendant must engage experts to address a host of issues that will be relevant if this case proceeds. For instance, Defendant must engage a forensic IT professional and a medical expert who can evaluate Plaintiffs' alleged mental and emotional harms. Defendant should not bear this burden when the pending motion to dismiss relies on undisputed facts.

Accordingly, given the burden and the likelihood of dismissal, a stay of discovery is warranted.

### III. Plaintiffs Will Not Be Burdened by a Brief Delay of Discovery.

Finally, a stay will not prejudice Plaintiffs, as a stay will amount to only a minor delay of these proceedings, and "judicial efficiency necessitates resolving the motion to dismiss before discovery begins." *BBAM*, 2022 WL 3716574, at *12. In these circumstances, "[t]he prejudice to plaintiff from a stay of discovery will be minimal, as discovery will only be stayed until a decision is reached on the Motion to Dismiss." *Cuartero*, 2006 WL 3190521, at *3.

Defendant's motion to dismiss is fully briefed. In the event the Court denies that motion, Plaintiffs will have been only slightly delayed in conducting discovery, but they will have suffered no other prejudice from a stay. On the other hand, if discovery is permitted to proceed and the Court later grants Defendant's motion, Defendant (and the Court in the event of any discovery disputes) will have expended significant resources engaging in unnecessary and unjustified discovery. *See Daniels v. Dataworkforce LP*, No. 14-CV-00822-KMT, 2014 WL 4783670, at *2 (D. Colo. Sept. 25, 2014) ("Plaintiff's interest is outweighed by the burden Defendant would face if forced to proceed with discovery"); *Cuartero*, 2006 WL 3190521, at *3 ("If discovery were to continue, it would also be likely to result in additional motion practice[.]"). Additionally, should Plaintiffs claim burden, that is substantially undermined by their having waited years to bring this claim. *See* Cretella Decl. ¶ 19 (Doc. 35-2).

Accordingly, the balance of the equities weighs heavily in favor of granting a stay, as Plaintiffs will suffer no prejudice from a slight delay to afford this Court an opportunity to determine whether this case will proceed.

**CONCLUSION**

For each of the foregoing reasons, the Court should stay discovery pending resolution of Defendant's motion to dismiss. That motion presents the Court with multiple reasons to dismiss Plaintiffs' claim—including jurisdictional reasons. Moreover, requiring discovery to proceed now will impose a substantial burden on Defendant and the Court. In contrast, a stay will not prejudice Plaintiffs in any way. Accordingly, a brief stay of discovery is warranted.

> Respectfully submitted,
>
> */s/ Garrett S. Flynn*
> Garrett S. Flynn (#ct22071)
> LAW OFFICES OF GARRETT S. FLYNN, LLC
> 10 North Main Street, Suite 300
> West Hartford, CT 06107
> Tel: (860) 490-9197
> Fax: (860) 674-0085
> gsf@flynn-law.com
>
> */s/ H. Christopher Bartolomucci*
> H. Christopher Bartolomucci (#phv208575)
> Brian J. Field (#phv208577)
> SCHAERR | JAFFE LLP
> 1717 K Street NW, Suite 900
> Washington, DC 20006
> Tel: (202) 787-1060
> Fax: (202) 776-0136
> cbartolomucci@schaerr-jaffe.com
> bfield@schaerr-jaffe.com
>
> *Counsel for Defendant James Cretella*

Dated: June 18, 2025

15

## CERTIFICATE OF SERVICE

I hereby certify that, on June 18, 2025, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

*/s/ Garrett S. Flynn*
Garrett S. Flynn (#ct22071)