# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

RICHARD L. STEHL and RICHARD G. HADDAD,

                *Plaintiffs,*

v.

JAMES M. CRETELLA,

                *Defendant.*

Case No. 3:25-cv-00348-SFR

# DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY

## TABLE OF CONTENTS

INTRODUCTION ........................................................................................................... 1

ARGUMENT ................................................................................................................. 2

    I.    Plaintiffs Fail to Undermine the Persuasiveness of Defendant's
        Motion to Dismiss. ................................................................................. 2

    II.   Plaintiffs Will Seek Wide-Ranging Discovery. ............................................ 4

    III.  Plaintiffs Will Not Be Burdened by a Brief Delay of Discovery. ................. 6

CONCLUSION ............................................................................................................... 8

## TABLE OF AUTHORITIES

**Cases**                                                      **Page(s)**

*BBAM Aircraft Mgmt. LP v. Babcock & Brown LLC,*
   No. 3:20-cv-1056 (OAW), 2022 WL 3716574 (D. Conn. Aug. 29, 2022) .................... 7

*Guiffre v. Maxwell,*
   No. 15-CV-7433 (RWS), 2016 WL 254932 (S.D.N.Y. Jan. 20, 2016) ........................ 6

*ITT Corp. v. Travelers Cas. & Sur. Co.,*
   No. 3:12-cv-0038 (RNC), 2012 WL 2944357 (D. Conn. July 18, 2012) ................ 2, 4

*Montgomery v. Stanley Black & Decker, Inc.,*
   No. 3:19-cv-01182 (AVC), 2020 WL 13880026 (D. Conn. Nov. 30, 2020) ................ 3

## INTRODUCTION

This case arises from a dispute between former partners at the Otterbourg law firm in New York City. Plaintiffs sued Defendant, their former partner, after he left Otterbourg for another firm. As their filings in this Court make clear, Plaintiffs hold undisguised animosity toward Defendant. Once Plaintiffs learned that Defendant would be leaving Otterbourg, they began threatening litigation, including the hand-delivery of a "notice of claims" to Defendant's house the day he left the firm. Later, in response to Defendant's motion to dismiss, Plaintiffs filed a 47-paragraph declaration that had little obvious relation to their legal claim, but mostly sought to impugn Defendant's character and harm his legal practice.

Given Plaintiffs' animosity toward Defendant and their broad view of what is relevant to their claim, discovery will undoubtedly be contentious in this case, requiring substantial time from the parties and the Court. Thus, while it may not be the default rule in this Court to delay discovery pending resolution of a motion to dismiss, this case presents a prime example of one where a brief stay is warranted.

Indeed, all three stay factors weigh in favor of a stay: (1) Defendant filed a thorough 12(b)(1) and 12(b)(6) motion that demonstrates why Plaintiffs' lone claim should be dismissed; (2) Defendant will be burdened by Plaintiffs' broad discovery that will require the Court's intervention; and (3) Plaintiffs will suffer no prejudice from a discovery delay. Because Plaintiffs' opposition fails to demonstrate otherwise, the Court should stay discovery pending resolution of the fully briefed motion to dismiss.

## ARGUMENT

As Defendant has already shown, each stay factor weighs decisively in favor of granting a modest stay of discovery until the Court has resolved Defendant's pending motion to dismiss. In their half-hearted response, Plaintiffs ignore inconvenient facts, fail to address the authority supporting a stay, and misconstrue the record.

## I. Plaintiffs Fail to Undermine the Persuasiveness of Defendant's Motion to Dismiss.

As a brief review of the motion-to-dismiss briefing confirms, *see* Docs. 35, 42, 46, 47, Defendant's motion has "substantial grounds" and is not "without foundation in law." *ITT Corp. v. Travelers Cas. & Sur. Co.*, No. 3:12-cv-0038 (RNC), 2012 WL 2944357, at *2 (D. Conn. July 18, 2012). Nothing more is required of Defendant to satisfy this threshold factor. In fact, Defendant has provided *three* independent reasons the Court should dismiss Plaintiffs' amended complaint, each of which is a "substantial ground[]" and has a strong "foundation in law." Plaintiffs fail to show otherwise.

1. The complaint is plainly governed by New York law, which does not recognize the tort of intrusion upon seclusion. Plaintiffs do not meet this argument, and they fail to show it is "without foundation in law." In fact, Plaintiffs offer no response to the "substantial ground" for dismissal based on Plaintiffs' tort claim not being recognized under New York law. Instead, Plaintiffs duck this issue, asking the Court to delay resolving choice of law. *See* Pls.' Opp'n to Mot. to Stay Disc. at 9–11 (Doc. 50) ("Opp'n"). But there is no reason for delay. Plaintiffs agree with Defendant on the legal framework for resolving the choice-of-law question. *See id.* at 10 (stating

that Plaintiffs "generally agree as to the proper framework"). And Plaintiffs have not identified any factual dispute relevant to the choice-of-law analysis. Indeed, taking each of Plaintiffs' well-pled factual allegations as true, New York law applies. And this is not a case where the choice-of-law analysis will be fact intensive.

That is likely why Plaintiffs resort to citing a handful of cases (Opp'n at 10) where courts in this Circuit have concluded that it is generally premature to decide choice of law at the motion-to-dismiss stage. But that "general approach" is not universal, as Defendant already showed. *See* Def.'s Reply in Supp. of Mot. to Dismiss at 1 (Doc. 46) ("MTD Reply") (citing cases). In fact, as Defendant showed, the same prematurity argument that Plaintiffs raise has been rejected where, as here, "no additional facts are needed to determine choice-of-law[.]" *Montgomery v. Stanley Black & Decker, Inc.*, No. 3:19-cv-01182 (AVC), 2020 WL 13880026, at *12 (D. Conn. Nov. 30, 2020), *aff'd in part and vacated/remanded in part on other grounds,* 857 F. App'x 46 (2d Cir. 2021). Plaintiffs simply ignore this authority.

2. Plaintiffs fare no better when addressing their lack of standing, which results from their reliance on self-inflicted harm. Contrary to Plaintiffs' cursory response (Opp'n at 7–8), Plaintiffs did not merely "in some sense contribute[] to [their] own injury," *id.* at 8—they are *the* cause of their alleged injury. Plaintiffs acknowledge placing all relevant files on the Otterbourg computer network, knowing that the network was searchable and without confirming that the files were protected from network searches. The fact that multiple attorneys from Otterbourg allegedly observed those files when conducting network searches points squarely to the people

who put those files on the network—Plaintiffs. Any resulting harm is clearly self-inflicted, and Plaintiffs cannot avoid this fact by simply calling Defendant's argument "baseless." And, of course, there is no need for discovery to resolve this question.

3. Plaintiffs also fail to state a claim for intrusion upon seclusion under Connecticut law. Plaintiffs' meager response (Opp'n at 8–9) again points to the files in question allegedly being labeled "privileged" or "confidential"—like nearly every file on a law firm network. That is no evidence at all. Beyond that faulty argument, Plaintiffs again suggest that a court cannot conclude on a motion to dismiss that an alleged intrusion is not "highly offensive." *Id.* at 9. Courts consistently hold otherwise, and Plaintiffs cannot avoid this authority by ignoring it. *See* MTD Reply at 8 n.4.

4. Accordingly, there are ample grounds to conclude that Plaintiffs' complaint should be dismissed for failure to state a claim and lack of jurisdiction. However, the Court need not reach that conclusion now. Rather, the Court need only decide whether the motion to dismiss has "substantial grounds." *ITT Corp.*, 2012 WL 2944357, at *2. Defendant has satisfied that requirement several times over, and Plaintiffs' cursory responses do not show otherwise.

## II. Plaintiffs Will Seek Wide-Ranging Discovery.

This case will also require the parties to engage in wide-ranging discovery. Plaintiffs respond by pointing (Opp'n at 1, 6–7) to an "initial" set of discovery requests they issued shortly before filing their Opposition. *See* Opp'n Exs. A–C (Docs. 50-1, 50-2, 50-3). As Plaintiffs see it, those requests are "limited in scope" and thus no stay is warranted. Opp'n at 6–7. Plaintiffs are mistaken again.

4

For one, it speaks volumes that Plaintiffs' Opposition lacks any commitment from Plaintiffs not to seek additional discovery until after the Court resolves the motion to dismiss. That silence suggests Plaintiffs drafted this "initial" set of requests merely to get beyond the motion to stay, at which point Plaintiffs will issue additional requests.

Moreover, Plaintiffs' requests are not nearly as "limited" as they suggest. For instance, one document request seeks "[a]ll documents or communications concerning Defendant's access to, review of, or copying of any portion of" Plaintiffs' network folders. Opp'n Ex. A (Req. for Produc. No. 1). And another request seeks all "documents or communications between Defendant and any third party concerning" information Defendant allegedly viewed. Opp'n Ex. A (Req. for Produc. No. 2). Were Plaintiffs' theory of the case correct—that there was a multi-year conspiracy between Defendant and another lawyer at Otterbourg to "exploit Plaintiffs' private data" (First Am. Compl. ¶ 48 (Doc. 31) ("FAC"))—these would be very broad requests. Of course, Plaintiffs' theory is wrong at every turn, but Plaintiffs will no doubt demand that Defendant conduct broad and burdensome searches on every tangent they believe relevant to their theory. Plaintiffs have alleged that Defendant invaded their privacy "hundreds of times[.]" FAC ¶ 2. Plaintiffs can be expected to use the tools of discovery to demand that Defendant explain all those alleged privacy invasions.

Even if Plaintiffs' first set of requests were not broad enough to warrant a stay, Plaintiffs' request for "[t]he electronic devices you used to view or otherwise access information or documents contained in" Plaintiffs' network folders is so broad as to

have no limits. Opp'n Ex. A (Req. for Produc. No. 3). Plaintiffs apparently believe they are entitled to go on a wild goose chase through Defendant's computers and phones. It is hard to conceive of a broader request.[1]

Plaintiffs are similarly misguided when suggesting that discovery must proceed when a case involves "a single cause of action against a single defendant." Opp'n at 6 (citing *Guiffre v. Maxwell*, No. 15-CV-7433 (RWS), 2016 WL 254932, at *2 (S.D.N.Y. Jan. 20, 2016)). That is not what *Guiffre* provides. The *Guiffre* court was merely explaining the differences between that case and another one that involved multiple motions to dismiss and seven individual plaintiffs with claims against dozens of defendants. *See* 2016 WL 254932, at *2. By referencing the single claim at issue in *Guiffre*, the court did not set out the rule Plaintiffs advance here—that discovery should not be stayed where there is a single claim and a single defendant.

Accordingly, there is nothing "conjectural" about the fact that Plaintiffs will seek wide-ranging discovery; their theory of the case demands it. They have already confirmed as much with their initial set of broad discovery requests. And, once they are free of Defendant's motion to stay, Plaintiffs will undoubtedly serve additional requests that are even broader.

## III. Plaintiffs Will Not Be Burdened by a Brief Delay of Discovery.

Finally, Plaintiffs hardly attempt to show that they will be burdened by a stay. *See* Opp'n at 11. Instead, they passingly state that they will be prejudiced "from

---

[1] And, considering how Plaintiffs handled themselves after conducting other broad searches of Defendant's electronic devices, *see* FAC ¶¶ 43–45, the record confirms that any review of electronic devices will not be "limited" in scope.

further delay in seeking redress" from Defendant. *Id.* Were that true, Plaintiffs would not have waited more than one year to bring their lawsuit. *See* Decl. of J. Cretella ¶¶ 18–19 (Doc. 35-2). Plaintiffs' delay in bringing their claims far exceeds any delay that will result from allowing this Court to resolve the fully briefed motion to dismiss before requiring the parties to engage in discovery. Indeed, that is why another court in this District recognized that "judicial efficiency necessitates resolving the motion to dismiss before discovery begins." *BBAM Aircraft Mgmt. LP v. Babcock & Brown LLC*, No. 3:20-cv-1056 (OAW), 2022 WL 3716574, at *12 (D. Conn. Aug. 29, 2022). Plaintiffs once again have no answer for this authority, as they simply ignore it.

Plaintiffs' claim of prejudice is further undermined by their statements to the Court that "[t]he records" here "are going to be primarily in the hands of the plaintiffs." Scheduling Conf. Tr. 8:4-5 (May 30, 2025) (Doc. 48); *see also id.* at 8:8-10 ("in terms of the records themselves and the records of access, those are going to be things that are in the plaintiff's [sic] possession"). If Plaintiffs already have many of the relevant records, Plaintiffs will suffer little prejudice from a delay.[2] In contrast, Defendant must expend resources for a discovery vendor to process records, begin responding to Plaintiffs' requests, and initiate his own discovery from Plaintiffs—all while this Court's jurisdiction is called into question in a fully briefed motion to dismiss. That substantial imbalance in prejudice also favors a brief stay.

---

[2] Plaintiffs' speculation (Opp'n at 11 n.5) that Defendant will delete otherwise relevant records is misplaced. While Plaintiffs' claims are entirely meritless, Defendant has fully complied with his obligation to preserve records.

## CONCLUSION

For each of the foregoing reasons, the Court should stay discovery pending resolution of Defendant's fully briefed motion to dismiss.  That motion provides the Court with multiple reasons to dismiss Plaintiffs' claim, and requiring the parties to engage in discovery now will impose a substantial burden on Defendant and the Court.  In contrast, a stay will not prejudice Plaintiffs in any way.  Accordingly, a brief stay of discovery is warranted.

Respectfully submitted,

*/s/ Garrett S. Flynn*
Garrett S. Flynn (#ct22071)
LAW OFFICES OF GARRETT S. FLYNN, LLC
10 North Main Street, Suite 300
West Hartford, CT 06107
Tel: (860) 490-9197
Fax: (860) 674-0085
gsf@flynn-law.com

*/s/ H. Christopher Bartolomucci*
H. Christopher Bartolomucci (#phv208575)
Brian J. Field (#phv208577)
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Tel: (202) 787-1060
Fax: (202) 776-0136
cbartolomucci@schaerr-jaffe.com
bfield@schaerr-jaffe.com

*Counsel for Defendant James Cretella*

Dated:  July 7, 2025

## CERTIFICATE OF SERVICE

I hereby certify that, on July 7, 2025, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Garrett S. Flynn*
Garrett S. Flynn (#ct22071)