UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| RICHARD L. STEHL and<br>RICHARD G. HADDAD,<br><br>            *Plaintiffs*,<br>v.<br><br>JAMES M. CRETELLA,<br><br>            *Defendant*. | Case No. 3:25-cv-00348-SFR |

**NOTICE**

Defendant James Cretella provides notice of a newly filed lawsuit, which confirms that the Court should grant Defendant's pending motion to dismiss (ECF No. 35). Earlier this month, Otterbourg P.C.—the New York law firm controlled by the Plaintiffs in this case[1]—filed a new lawsuit against Defendant in New York state court. *See* Ex. A ("New York Complaint"). In that Complaint, Otterbourg repeats the "cyberstalking" allegations from this case, accusing Defendant of accessing files stored by Stehl and Haddad on the Otterbourg computer network. *See id.* ¶¶ 35–40. But Otterbourg does not accuse Defendant of intrusion upon seclusion in New York, instead alleging various business torts.

As relevant here, the New York complaint confirms two things about the case in this Court: (1) Plaintiffs' claim in the instant case is subject to New York law; and (2) New York law does not recognize the tort of intrusion upon seclusion.

---

[1] Stehl is the Chairman of the Otterbourg firm's Board of Directors; Haddad is the President of the firm. *See* Am. Compl. ¶¶ 26–27 (ECF No. 31).

1. The New York Complaint confirms that Plaintiffs' intrusion upon seclusion claim is subject to New York law.  Significantly, the New York Complaint alleges that the "tortious conduct at issue in this Complaint [including alleged 'cyberstalking'] ***occurred in New York and had consequences in New York***."  New York Compl. ¶ 9 (emphasis added).  In contrast, the New York Complaint does not reference any activity or harm occurring in Connecticut.  Thus, as Defendant has previously shown, any claim about Defendant's viewing Plaintiffs' files on Otterbourg's network is plainly governed by New York law.  *See* Def.'s Memo. in Supp. of Mot. to Dismiss at 11–18 ("MTD") (ECF No. 35-1).

2. The New York Complaint also confirms that New York law does not recognize the tort of intrusion upon seclusion.  In the New York Complaint, Otterbourg accuses Defendant of breach of contract, breach of fiduciary duty, fraudulent concealment, and unjust enrichment.  *See* New York Compl. ¶¶ 41–62. And Otterbourg expressly relies on the same alleged "cyberstalking" from this case to support those claims.  *See, e.g., id.* ¶¶ 21, 35–40, 44, 46, 52, 59.  Had Otterbourg believed that New York recognized a tort of intrusion upon seclusion, it would have included such a claim.  Thus, as Defendant already demonstrated, New York law does not recognize such a tort.  *See* MTD at 19–20.

While there is no merit to the New York Complaint, and Defendant rejects those allegations against him, the New York Complaint confirms that Plaintiffs' claim against Defendant here is blatant and impermissible forum shopping.  The

Court should reject Plaintiffs' misuse of the judicial system, and grant Defendant's pending motion to dismiss.

November 20, 2025                    Respectfully submitted,

*/s/ Garrett S. Flynn*
Garrett S. Flynn (#ct22071)
LAW OFFICES OF GARRETT S. FLYNN, LLC
10 North Main Street, Suite 300
West Hartford, CT 06107
Tel: (860) 490-9197
Fax: (860) 674-0085
gsf@flynn-law.com

H. Christopher Bartolomucci (#phv208575)
Brian J. Field (#phv208577)
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Tel: (202) 787-1060
Fax: (202) 776-0136
cbartolomucci@schaerr-jaffe.com
bfield@schaerr-jaffe.com

*Counsel for Defendant James M. Cretella*

## CERTIFICATE OF SERVICE

I hereby certify that, on November 20, 2025, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Garrett S. Flynn*
Garrett S. Flynn (#ct22071)