## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

RICHARD L. STEHL

AND

RICHARD G. HADDAD,

*Plaintiffs*,

v.

JAMES M. CRETELLA,

*Defendant*.

Case No. 3:25-cv-00348-SFR

## RESPONSE TO DEFENDANT'S NOTICE

Despite the fact that the briefing pertaining to Defendant's motion to dismiss concluded more than five months ago, *see* Dkts. 35, 42, 46, and despite the fact that Defendant recycled the same arguments advanced in the motion to dismiss in his motion to stay discovery, *see* Dkts. 49-51, Defendant is now seeking a *third* bite at the apple.   Defendant does so under the guise of filing a "notice" with this Court purporting to addresses the recent filing of a separate lawsuit by a different Plaintiff in a different court asserting different contract-based and tort claims .  This Court should not countenance Defendant's transparent attempt to circumvent the rules limiting the length and number of briefs the parties can file.  *See* D. Conn. L. Civ. R 7(d)("A reply memorandum may not exceed 10 pages …. No sur-replies may be filed without permission of the Court, which may, in its discretion, grant permission upon a showing of good cause.").

In any event, Defendant is incorrect that the initiation by Defendant's former employer of a lawsuit in New York supports his meritless arguments that this case is governed by New York law and that New York does not recognize the tort of intrusion upon seclusion.

As an initial matter, this Court should not reach the choice-of-law issue at this nascent stage of the proceedings.  *See* Dkt. 42 at 10.  But, in any event, as Plaintiffs have explained on multiple occasions, the reason Connecticut law applies is straightforward.  Defendant "deliberately intruded on Plaintiffs' private affairs *from his home in Connecticut*."  Dkt. 31 ¶ 3 (emphasis added); *id.* ¶ 31 ("Venue is proper in this District … because Defendant Cretella resides in Wilton, Connecticut, and a substantial portion of the cyberstalking acts were conducted from his home."); Dkt. 42 at 11 ("The tortious conduct at issue occurred in Connecticut, was initiated from Connecticut, and was committed by a Connecticut domiciliary.").  The Complaint's cyberstalking allegations, which Defendant has not denied, conclusively demonstrate that Connecticut law applies.

Defendant tries to elide this point by claiming that in the New York action, Plaintiffs "repeat[] the 'cyberstalking' allegations from this case[.]" Notice 1. But Defendant conspicuously omits that the New York complaint makes clear that Defendant's cyberstalking is ***"[s]eparate and apart from the breaches of duty alleged in this action" and is the subject of a "different, pending lawsuit … in the United States District Court for the District of Connecticut."*** New York Compl. ¶ 35. And although one of Defendant's numerous breaches of his contractual duties to his prior firm include his rampant cyberstalking of Plaintiffs, *see id.*¶ 44, the contract in question was formed in New York and is governed by New York law. Plaintiffs' position is thus eminently logical. This case, which concerns tortious conduct that occurred in Connecticut perpetrated by a Connecticut resident, is governed by Connecticut law. The New York action, meanwhile, is premised on "business transactions and" different "tortious conduct" that "occurred in New York and had consequences in New York." *Id.* ¶ 6.

Defendant also asks this Court to infer that New York does not recognize the tort of intrusion upon seclusion because the New York complaint does not include an intrusion upon seclusion claim. Notice 2. Plaintiffs here have already demonstrated why Defendant is wrong. *See* Dkt. 42 at 26-36. The reason the New York complaint does not include an intrusion upon seclusion claim is simple. The relevant intrusions occurred upon *these* Plaintiffs' personal privacy – *not* their law firm's privacy..

In sum, no "impermissible forum shopping" has occurred. Notice 2. Defendant's Notice is procedurally improper and, for the reasons articulated in Plaintiffs' opposition to Defendant's motion to dismiss, the motion to dismiss should be denied in its entirety.


Date:  November 21, 2025                 */s/  Daniel P. Watkins*_____
                                                        Daniel P. Watkins (*Pro Hac Vice*)

Andrew C. Phillips (*Pro Hac Vice*)
Hannah Menchel (*Pro Hac Vice*)
daniel.watkins@mwpp.com
andy.phillips@mwpp.com
hannah.menchel@mwpp.com
MEIER WATKINS PHILLIPS PUSCH LLP
1120 20th Street NW, Suite 550
Washington, DC 20036
Telephone: (202) 256-4482

John W. Cannavino (ct06051)
Kara A. Zarchin (ct30783)
jcannavino@cl-law.com
kzarchin@cl-law.com
CUMMINGS & LOCKWOOD LLC
6 Landmark Square
Stamford, CT 06901
Tel: 203-351-4447
Fax: 203-708-3849

*Counsel for Plaintiffs*

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that on this date I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

Dated: November 21, 2025

<u>/s/  Daniel Watkins</u>
Daniel P. Watkins (*Pro Hac Vice*)
*Counsel for Plaintiffs*